```
          IN THE UNITED STATES DISTRICT COURT
          FOR THE NORTHERN DISTRICT OF TEXAS
                    DALLAS DIVISION

UNITED STATES OF AMERICA,      §
                               §
                   Plaintiff,  §
                               § Criminal No. 3:09-CR-103-D(01)
VS.                            §
                               §
JOHN PATRICK NEWTON,           §
                               §
                   Defendant.  §
```

MEMORANDUM OPINION
AND ORDER

Defendant John Patrick Newton ("Newton") has filed objections to the report and recommendation of the United States Magistrate Judge declining to reopen the detention hearing and release him on conditions prior to trial. Treating the objections as a request to reopen the detention hearing,[1] the court denies the motion because one reason on which Newton relies has no relevance to the magistrate judge's determination and because Newton has presented no previously unknown evidence that bears on the reasons underlying the decision to detain him.

I

Newton made his initial appearance in this court on May 8, 2009. On May 19, 2009 he filed a motion for release pending trial, which the court referred to the magistrate judge. Relying in part

---

[1]Although Newton's objections do not specify the legal basis for the relief he seeks, he states in his rejoinder to the government's response to his objections that he is seeking to reopen the detention hearing under 18 U.S.C. § 3142(f) rather than seeking *de novo* review of the detention order itself.

on the detention hearing conducted in the Central District of California prior to Newton's transfer to this court, the magistrate judge denied the motion on May 22, 2009.

On May 26, 2009 Newton filed a pleading purportedly appealing the order of the magistrate judge in the Central District of California. On May 27, 2009 the court denied the appeal without prejudice and referred the motion to the magistrate judge "to determine whether the defendant should be released (and, if so, on what conditions) or detained pending trial." May 27, 2009 Order at 2. The court noted that Newton maintained that the magistrate judge did not permit Newton to proffer evidence at the hearing and that his counsel were unaware until minutes before the hearing of the evidence that had been presented to the magistrate judge in the Central District of California. *Id.* at 1. The court concluded:

> [w]ithout suggesting that a defendant is always entitled to present in this district additional evidence to that presented in the transferor district, the court concludes in the present circumstances that the magistrate judge should conduct a hearing at which both parties have the opportunity to present evidence, following which the detention decision should be made anew.

*Id.*

The magistrate judge conducted a detention hearing on May 29, 2009 and, in a May 30, 2009 order, ordered Newton to be detained pending trial. From May 30, 2009 until he filed his September 13, 2009 objections, Newton did not seek *de novo* review of the

- 2 -

magistrate judge's decision.

In his present objections, Newton essentially seeks to reopen the detention hearing. He posits that there are adequate reasons "not only for reopening the hearing, but for Defendant's release." D. Objs. 4. In her May 30, 2009 detention order, the magistrate judge found as follows:

> Given the nature and circumstances of the serious drug offence [in this case]; the weight of the evidence against Defendant; the characteristics of the defendant; and the nature and seriousness of the danger to any person or the community posed by Defendant's release, there appears to be no condition or combination of conditions which will reasonably assure Defendant's appearance as required.

May 30, 2009 Order at 2. Newton maintains, in relevant part, that he is suffering "oppressive pretrial incarceration," D. Objs. 2, that he is not a flight risk or a danger to the community, and that he can be safely released on conditions.

II

The requirements for reopening a detention hearing are found in 18 U.S.C. § 3142(f), which states, in pertinent part:

> The [detention] hearing may be reopened, before or after a determination by the judicial officer, at any time before trial if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community.

- 3 -

Newton's arguments regarding the length of his pretrial incarceration have no relevance to the magistrate judge's determination that there appears to be no condition or combination of conditions that will reasonably assure Netwon's appearance, as required. The detention question did not turn on how long or short the pretrial period might be, but on the magistrate judge's judgment as to the safety and reliability of releasing Newton from custody. Nothing in the subsequent delays and procedural changes in the case (e.g., the joinder of other defendants for trial) has had any bearing on these determinations.[2]

Furthermore, Newton's arguments regarding the lack of danger in releasing him and his ties to California do not satisfy § 3142(f), because there is no indication that these facts were unknown to Newton at the time of the May 29, 2009 hearing, from which Newton failed to seek *de novo* review. It is apparent from Newton's current objections that he is not simply seeking *de novo* review of that decision but instead is asking to reopen the hearing. The statute does not entitle defendants to reopen detention hearings under these circumstances. There must be some

---

[2]Newton makes clear in his pleadings before the magistrate judge that he considers his prolonged detention to constitute the new information not available at the detention hearing, within the meaning of § 3142(f). But even if the trial delays qualify as information that was not known to Newton at the time of the hearing, as the court explains next, such information does not have a material bearing on whether there are conditions of release that will reasonably assure Newton's appearance, as required, and the safety of any other person and the community.

showing, which Newton has not made, that the additional facts or evidence in question were unavailable or unknown at the time of the prior hearing.

\*   \*   \*

Accordingly, treating Newton's September 13, 2009 objections as a request to reopen the detention hearing, the court denies the request.

**SO ORDERED.**

September 29, 2009.

_____
SIDNEY A. FITZWATER
CHIEF JUDGE