IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

UNITED STATES OF AMERICA,      §
                               §
                  Plaintiff,   §
                               §   Criminal No. 3:09-CR-103-D(01)
VS.                            §
                               §
JOHN PATRICK NEWTON,           §
                               §
                  Defendant.   §

MEMORANDUM OPINION
AND ORDER

    Defendant John Patrick Newton ("Newton") moves to dismiss the
indictment, contending that his constitutional and statutory speedy
trial rights have been violated.  For the reasons that follow, the
court denies the motion.

I

    On May 30, 2008 Newton was arrested by Irving, Texas police
for the state jail felony offense of evading arrest, but he was no-
billed by a Dallas County, Texas grand jury in June 2008.  Also on
May 30, 2008, the Drug Enforcement Administration ("DEA") initiated
an investigation of Newton concerning narcotics trafficking and
money laundering offenses.  A DEA agent contacted a detective of
the Los Angeles Police Department regarding a large seizure of
marijuana and currency in Irving, Texas and informed the detective
to contact an officer of the Irving Police Department.  Following
Newton's arrest on the state charge of evading arrest, he returned
to his home state of California.

    On April 8, 2009 a federal grand jury handed up a one-count

indictment charging Newton with the offense of conspiracy to distribute and to possess with intent to distribute 100 kilograms or more of a mixture and substance containing a detectable amount of marijuana, a Schedule I controlled substance, in violation of 21 U.S.C. § 846. Following his arrest in California, Newton was transferred to this district where he made his initial appearance on May 8, 2009. Following his plea of not guilty, he was ordered detained without bail pending trial, and his trial was set for July 13, 2009.

Before the trial date arrived, the grand jury on June 24, 2009 handed up a superseding indictment that added three defendants: Kurt Vollers ("Vollers"), Tommy Don Crutcher ("Crutcher"), and Scott Matthew Kirk ("Kirk"). The superseding indictment charges one or more defendants with drug and money laundering offenses.[1] Based on the addition of these defendants and the dates on which they made their initial appearances, and in response to several motions for continuance (including three filed by Newton), the court continued the trial to its present setting of March 29, 2010. Newton moves to dismiss the indictment, contending his statutory and constitutional speedy trial rights have been violated. The government opposes the motion.

---

[1]The superseding indictment also includes a forfeiture count.

- 2 -

II

Newton's statutory speedy trial rights have not been violated.
The speedy trial clock did not commence until Newton made his
initial appearance in this district on May 8, 2009.  *See* 18 U.S.C.
§ 3161(c)(1) ("the trial . . . shall commence within seventy days
from the filing date (and making public) of the information or
indictment, or from the date the defendant has appeared before a
judicial officer of the court in which such charge is pending,
whichever date last occurs.").  Before the 70th countable day
elapsed,[2] the grand jury on June 24, 2009 handed up a superseding
indictment adding Vollers, Crutcher, and Kirk as defendants.
Vollers and Crutcher made their initial appearances on June 29,
2009, and the court, by July 10, 2009 orders, set their trials for
August 31, 2009.  In another order filed on July 10, the court
continued Newton's trial until August 31, 2009.  This delay was
excludable under 18 U.S.C. § 3161(h)(6) (providing for exclusion of
countable time for "[a] reasonable period of delay when the
defendant is joined for trial with a codefendant as to whom the
time for trial has not run and no motion for severance has been
granted.").

On August 14, 2009 Vollers and Crutcher each filed an

---

[2]Before the 70th countable day elapsed, Newton and the
government filed motions that paused the speedy trial clock.  For
purposes of calculating the Speedy Trial Act time limit, the court
need not rely on these motions.

unopposed motion to continue the trial, and the court by August 17, 2009 order continued the trial of all three defendants to November 2, 2009.  The court continued the trials of Vollers and Crutcher based on the ends of justice, under 18 U.S.C. § 3161(h)(7)(A), and it continued the trial of Newton under 18 U.S.C. § 3161(h)(6).[3] The delay was therefore excludable as to all three defendants. Concerning Newton specifically, it was excludable under 18 U.S.C. § 3161(h)(6).

Before the case was reached for trial, the remaining defendant—Kirk—made his initial appearance on October 9, 2009. By order filed the same day, the court set Kirk's trial for December 14, 2009.  In another order filed on October 9, 2009, the court continued the trials of Newton, Vollers, and Crutcher to December 14, 2009.  This delay was excludable as to all three codefendants, including Newton, under 18 U.S.C. § 3161(h)(6).[4]

Before the case was reached for trial on December 14, 2009, Newton filed on November 11, 2009 an unopposed first motion for continuance.  The court granted the motion on November 16, 2009 based on the ends of justice under 18 U.S.C. § 3161(h)(7)(A), and it reset the trial of all four defendants to February 8, 2010.

---

[3]In the August 17, 2009 order, the court referred to 18 U.S.C. § 3161(h)(7)(A) by its prior number—18 U.S.C. § 3161(h)(8)(A)—and to 18 U.S.C. § 3161(h)(6) by its prior number—§ 3161(h)(7).

[4]In the October 9, 2009 order, the court referred to 18 U.S.C. § 3161(h)(6) by its prior number—§ 3161(h)(7).

This delay was excludable as to Newton under 18 U.S.C. § 3161(h)(7)(A).[5]

Before the case was reached for trial on February 8, 2010, Newton filed on December 11, 2009 an unopposed second motion for continuance. The court granted the motion on December 17, 2009 based on the ends of justice under 18 U.S.C. § 3161(h)(7)(A), and it reset the trial of all four defendants to March 8, 2010. This delay was excludable as to Newton under 18 U.S.C. § 3161(h)(7)(A).[6]

On January 19, 2010 Newton filed an unopposed third motion for continuance and a first amended unopposed third motion for continuance. The court granted the first amended unopposed third motion for continuance on January 22, 2010 based on the ends of justice under 18 U.S.C. § 3161(h)(7)(A), and it reset the trial of all four defendants to March 29, 2010. This delay was excludable as to Newton under 18 U.S.C. § 3161(h)(7)(A).[7]

In sum, the trial of this case has been delayed as to Newton based either on ends-of-justice continuances, under 18 U.S.C. § 3161(h)(7)(A), or on reasonable periods of delay attributable to codefendants as to whom the time for trial has not run and no

---

[5]The delay was excludable as to Vollers, Crutcher, and Kirk under 18 U.S.C. § 3161(h)(6).

[6]The delay was excludable as to Vollers, Crutcher, and Kirk under 18 U.S.C. § 3161(h)(6).

[7]The delay was excludable as to Vollers, Crutcher, and Kirk under 18 U.S.C. § 3161(h)(6).

motion for severance has been granted, under 18 U.S.C. § 3161(h)(6). Therefore, commencing the trial on March 29, 2010, the current trial date, will fully comply with the requirements of the Speedy Trial Act.

### III

Nor has Newton shown that his constitutional right to a speedy trial has been violated.

### A

The fundamental premise of Newton's constitutional challenge is that his speedy trial right must be measured using May 30, 2008 as the starting date. It is on this date that he maintains he became an "accused." Newton points out that, on May 30, 2008, a DEA agent contacted a detective of the Los Angeles Police Department regarding a large seizure of marijuana and currency in Irving, Texas and informed the detective to contact an officer of the Irving Police Department. Newton acknowledges that "[a]n individual becomes an accused when he or she is arrested or when a charging instrument is filed, whichever occurs first." D. Mot. ¶ 19. And he "concedes that the general rule is that the federal constitutional speedy trial right does not arise until a federal accusation against the defendant is made." *Id.* ¶ 18. But he asks the court "to note that he became an 'accused' on May 30, 2008[.]" *Id.* And he then posits, on a basis that is unclear from his motion, *see* D. Mot. ¶¶ 19-20, that he became an accused on a date

that is *not* the date on which he was arrested or the date on which he was charged in this case.[8]

The court holds that the controlling date for analyzing Newton's constitutional speedy trial argument is April 8, 2009, when the grand jury indicted him in this case. *See United States v. Greer*, 655 F.2d 51, 52 (5th Cir. Unit A Sept. 1981) ("The constitutional assurance of a speedy trial attaches upon arrest, return of an indictment, or filing of an information, whichever first occurs." (citing cases)). Newton has offered no plausible reason to conclude that his constitutional speedy trial right is to be analyzed using May 30, 2008 as the starting date.

B

Having determined that April 8, 2009 is the controlling date, the court evaluates the merits of Newton's constitutional claim. "It will be the unusual case . . . where the time limits under the Speedy Trial Act have been satisfied but the right to a speedy trial under the Sixth Amendment has been violated." *United States v. Bieganowski*, 313 F.3d 264, 284 (5th Cir. 2002) (citing cases).

When analyzing whether a defendant's constitutional right to a speedy trial has been violated, the court is governed by the

---

[8]If Newton intends to contend that he was arrested on May 30, 2008, he does not make that contention clear. And even if he does intend to make this contention, it would be misplaced. Newton concedes in his motion that he was arrested on that date on a state charge, not on the charges at issue here, and that he was released and free to return to his home in California.

- 7 -

four-factor test of *Barker v. Wingo*, which considers: (1) the "length of delay," (2) "the reason for the delay," (3) "the defendant's assertion of his right," and (4) "prejudice to the defendant." *United States v. Molina-Solorio*, 577 F.3d 300, 304 (5th Cir. 2009) (quoting *Barker*, 407 U.S. 514, 530 (1972)). Where, as here, prejudice is not presumed (because less than one year will have elapsed between the date of indictment and the date of trial), the defendant must "demonstrate 'actual prejudice' that outweighs the other factors." *United States v. Harris*, 566 F.3d 422, 433 (5th Cir. 2009). "'Actual prejudice' is assessed in light of the three following interests of the defendant: (1) 'to prevent oppressive pretrial incarceration'; (2) 'to minimize anxiety and concern of the accused'; and (3) 'to limit the possibility that the defense will be impaired.'" *Id.* (citing *Barker,* 407 U.S. at 532). "The Supreme Court has stated that limiting the defendant's ability to prepare his case is the most serious of the three types of prejudice." *United States v. Frye*, 489 F.3d 201, 212 (5th Cir. 2007) (citing *Barker*, 407 U.S. at 532).

To demonstrate actual prejudice, Newton relies on unsworn assertions in his motion concerning the amount of time he has been detained pending trial, the consequent loss of his job and disruption of his family life, and the disruption of his financial affairs. He also maintains that he has been subjected to anxiety and concern as a result of being publicly accused of an offense,

and that he has suffered more than the normal anxiety that courts have rejected as grounds for establishing a speedy trial violation. Newton posits that the loss of his job, inability to see his family, and exhaustion of all of his income amount to more than anxiety alone.

Regarding the most serious of the three types of prejudice, Newton has made no attempt to demonstrate that his defense will be impaired, and the court finds that he has failed to make such a showing.

Concerning the complaints Newton does make, while the court will not minimize the importance of Newton's loss of liberty and the collateral consequences of pretrial detention——here, loss of employment, disruption of family life, and disruption of financial affairs——he has not shown anything that is particularly oppressive. Nor has he shown actual prejudice based on his rather general assertions of anxiety and concern. Indeed, the allegations of his motion are unsworn and are not supported by any evidence at all.

Because Newton has failed to make the required showing of actual prejudice, he has not demonstrated that his Sixth Amendment right to a speedy trial has been violated.

                              *       *       *

        Newton's February 16, 2010 motion to dismiss indictment is

denied.

        **SO ORDERED.**

        March 8, 2010.

                                    _____
                                    SIDNEY A. FITZWATER
                                    CHIEF JUDGE