**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| **vs.** | § | **NO. 3:09-CR-103-D** |
| | § | |
| **JOHN PATRICK NEWTON** | § | |

**DEFENDANT JOHN PATRICK NEWTON'S MOTION**
**FOR LEAVE TO CONTACT GRAND JURY FOREMAN**

TO THE HONORABLE JUDGE SIDNEY FITZWATER:

COMES NOW the Defendant John Patrick Newton, through his attorney of record, and moves the Court to grant leave to interview former Grand Jury foreman Lawrence Furry for the limited and sole purpose of affirming or disaffirming his signature on the original Indictment (Doc. 1) in the above styled and numbered cause.

**I.**
**BACKGROUND**

Defendant was charged in an eight (8) count Superseding Indictment with violations of 21 U.S.C § 846; 21 U.S.C. § 841(a)(1) and (b)(1)(B)(vii) and 18 U.S.C. § 2 (Conspiracy to Distribute a Controlled Substance); Maintaining a Drug-Involved Premises under 21 U.S.C. § 856(a)(2) and 856(b) and 18 U.S.C. § 2; and Money Laundering, 18 U.S.C. §§ 1956(h); 1956 (a)(1)(B)(i) and (a)(2).

Defendant has pleaded guilty to superseding indictment and is currently in Federal custody awaiting sentencing.

## II.
## RELIEF REQUESTED

The signatures of the grand jury foreman on the original indictment came to the attention of the Defense in the time after the guilty plea. Specifically, the purported signature of the grand jury foreman on the original indictment in this case varies significantly from the signature of the same foreman on many other indictments returned by the same grand jury. (See Exhibit "1" which is Newton's original indictment vs. Exhibit "2" & "3" which are indictments in Case Nos. 3:08cr235 and 3:08cr236 purportedly signed by the same Grand Juror on August 5, 2008, but appear vastly different). The difference is so significant that it raises the question of whether or not it is actually the signature of the person claimed and warrants at least the initial, simple step of verifying its authenticity.

In contrast to the well settled law regarding a missing grand jury foreman's signature, the issue in the present case gives rise to an inference, not of a mere technical irregularity or ministerial mistake, but to an inference that serious misconduct, namely forgery, took place at some point during the indictment process. This Court recently relied on *Hobby v. United States*, 468 U.S. 339 (1984) in denying a motion for an evidentiary hearing in a similar recent filing because *Hobby* stands for the proposition that an irregularity in a grand jury foreperson's signature is not a fatal flaw for an indictment. *Hobby* at 345. *Hobby* also distinguishes between the clerical nature of the grand jury foreperson's duty and the constitutionally mandated due process right "to be fairly tried by a competent and impartial tribunal." *Hobby* at 343. Chief Justice Burger

held that discrimination in the selection of the grand jury foreman was not a fatal error because the clerical duties of the foreperson do not affect the rights of the accused. In the same opinion, Chief Justice Burger pointed out that discrimination in the grand jury selection process itself would be a completely different story because it would "cast doubt on the integrity of the whole judicial process." *Hobby* at 343. The clerical error of failing to affix a signature to an indictment is akin to discrimination in the selection of the grand jury foreman and, while not ideal, is not a fatal flaw in the indictment. However, a forged grand jury foreman's signature on an indictment is akin to discrimination in the grand jury selection process itself because it too casts doubt on the integrity of the whole judicial process. In short, a missing signature is fundamentally different from a forged signature because while the former may be an honest oversight or mistake, the latter can be nothing but purposeful deceit and reasonably calls into question the entire indictment process.

The Defense is aware of similar recent motions to this Court requesting evidentiary hearings for the purpose of investigating a discrepancy in the same grand juror foreman's signature. 3:09-CR-00249-D Documents 402, 420, and 496 and see Exhibit "4" which is the original indictment that case which bears the same signature as Mr. Newton's indictment.

The Defense is also aware of settled law on the issue of missing signatures and signatures that merely appear to be different, but are in fact the signatures of the same individual. See *Hobby*, supra; *Frisbie v. United States*, 157 U.S. 160, 163-165 (1895); *United States v. Trevino*, 299 Fed. Appx. 384. However, the issue underlying this motion is not

whether a signature must appear or whether the signature of the foreman must always be the same, but whether the indictment in this case was fraudulently returned by means of a forged signature.

A public records search for the foreman Lawrence Furry reveals several documents related to the purchase of a home, all bearing a deliberate, neat signature spelling out L-a-w-r-e-n-c-e F-u-r-r-y. See Exhibit "5". Nowhere other than a portion of indictments, including the one in the current case, does Mr. Furry's purported signature appear as a hasty, messy abbreviated first initial followed by an ambiguous scrawl. Federal Rule of Criminal Procedure 6(c) states in part: "The foreperson *may* administer oaths and affirmations and *will* sign all indictments" (emphasis added). The forgery of the signature results in a violation of the unambiguous, mandatory language of FRCP 6(c). For the preceding reason and because on their face the purported signatures of the grand jury foreman Lawrence Furry are so wildly divergent[1], a basic inquiry into the authenticity of the various style of signature is warranted to rule out the possibility of fraud.

While Counsel does not believe that asking Mr. Furry about his signature and verifying whether his signature is indeed affixed to Mr. Newton's original indictment would be inquiring into "grand jury business," which is otherwise impermissible, Counsel feels obligated to file this motion to seek the Court's permission before contacting the former Federal grand juror. Counsel represents to this Court that he has

[1] Undersigned counsel Scott Palmer has personally examined the indictments and the signatures.

not, and will not; contact this or any other grand juror to investigate this matter without the Court's permission to first do so.

## III.
## HARM ANAYLSIS

Forgery of a grand jury foreman's signature is tantamount to fraud in the original indictment process, a clear violation of the Defendant's Due Process rights under the 5th Amendment of the United States Constitution. Furthermore, while the possibly forged signature is the only violation apparent at this time, if the signature is forged, it is very likely that whatever process led to the forgery also violated the Defendant's Due Process right to a fair and impartial grand jury. Permitting Defendant to interview Mr. Furry may lead to the discovery of a major due process violation, which, if proven, would mean that Mr. Newton was confined in Federal custody on a void indictment. Furthermore, Mr. Newton would be able to show further harm and prejudice by virtue of the fact that his superseding indictment would likely be considered void or voidable, as it would be tainted by the original forged indictment.

Lastly, Counsel believes that if he is unable to fully investigate this matter he will not be able to render effective assistance of counsel to Mr. Newton.

## IV.
## PRAYER

An interview limited in scope to the confirmation of the different signatures is the simplest and only means available to distinguish a discrepancy in signature from a forgery. Therefore, the Defense respectfully requests leave of this Court to contact the grand jury foreperson Lawrence Furry for this limited purpose.

Respectfully submitted,

/s/ Scott H. Palmer
SCOTT H. PALMER
State Bar No. 00797196

SCOTT H. PALMER, P.C.
15455 Dallas Parkway
Suite 540, LB 36
Addison, Texas 75001
214-987-4100
214-922-9900 (facsimile)

ATTORNEY FOR DEFENDANT

**CERTIFICATE OF CONFERENCE**

I hereby certify that on November 10, 2010 I conferred with Assistant United States Attorney Jay Dewald concerning the filing of this motion. Mr. Dewald opposes the relief sought herein.

/s/ Scott H. Palmer
SCOTT H. PALMER

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing Defendant's First Amended Motion to Suppress was served upon all parties of record via the ECF filing system on November 10, 2010.

/s/ Scott H. Palmer
Scott H. Palmer