one notice shall be posted at the courthouse door of each county in which the real estate is situated. In addition to the posted notice as set forth above, no foreclosure under Power of Sale herein contained shall be held unless the holder of the indebtedness herein secured shall at least 21 days preceding the date of sale serve written notice of the proposed sale by certified mail on each debtor obligated to pay such indebtedness according to the records of such holder. The Grantors do hereby authorize and empower said Trustee, and each and all of his or its successors in this trust, to sell said premises, together, or in lots or parcels, as such Trustee shall deem expedient, and to execute and deliver to the purchaser or purchasers of said premises good and sufficient deeds of conveyance thereof by fee simple title, with covenants of general warranty, and the title of such purchaser or purchasers, when so made by the Trustee, the Grantors bind themselves to warrant and forever defend; and to receive the proceeds of said sale which shall be applied as follows:

First - To the payment of all necessary actions and expenses incident to the execution of said trust, including a reasonable fee to the Trustee, not exceeding two and one-half per centum (2 1/2%) of the gross proceeds of the sale of said premises.

Second - To the payment of said note, to the amount of the principal sum and accrued interest legally due thereon, all other sums secured hereby, and to the payment of attorney's fees as in said note provided.

Third - The remainder, if any there shall be, after payment of said costs, expenses and attorney's fees, and the principal and interest legally due on said note, and all other sums secured hereby and other sums agreed to be paid by the Grantors, shall be paid to the Grantors.

It is further agreed that if default be made in any payment, or part thereof, under the said note, the holder of the note may at his option, without demand or notice, request the Trustee hereunder, and the Trustee shall be, and is, hereby authorized and empowered to proceed with foreclosure in satisfaction of such item as if under a full foreclosure, conducting the sale as herein provided and without declaring the unmatured portion of the debt due. It is agreed that such sale shall not in any manner affect the unmatured part of the debt secured by this Deed of Trust, but as to such unmatured part this Deed of Trust shall remain in full force and effect just as though no sale had been made under the provisions of this paragraph. It is further agreed that several sales may be made without exhausting the right of sale for any unmatured part of the debt secured. The proceeds of said sale shall be applied as provided in sections First and Second above and the remainder, if any there shall be, shall be applied as a credit on the unpaid balance of principal of the debt hereby secured; said credit will not operate to reduce the amount of the regular monthly payments to principal and interest, but will serve solely to accelerate the maturity of the mortgage.

The deed or deeds which shall be given by said Trustee to the purchaser or purchasers at such sale, shall be prima facie evidence of the truth of all the recitals therein as to default in the payment of said note, or of interest due thereon, or of the sums thereunder and hereunder due, the request to the said Trustee to sell, the advertisement or posting of such sale, the proceedings at such sale, the facts, if any, authorizing a substitute Trustee to act in the premises, and everything necessary to the validity of such sale.

The Grantors specifically agree that after any sale under this Deed of Trust they shall be mere tenants at sufferance of the purchaser of said property at the Trustee's sale, and that the purchaser shall be entitled to immediate possession thereof, and that if the Grantors fail to vacate the premises immediately, the purchaser may, and he shall have the right to go into any justice court in the precinct or county in which the property is located and file an action in forcible entry and detainer, which action shall lie against the Grantors as tenants at sufferance. The remedy is cumulative of any and all remedies the purchaser may have hereunder or otherwise.

In case of the death of the Trustee herein or of any substitute Trustee appointed hereunder, or the refusal, failure or inability of any Trustee or any substitute Trustee for any reason to act hereunder, or in the event the holder of the note shall deem it desirable to remove without cause the Trustee or any substitute Trustee and appoint another to execute this trust, then in either or any of said events the holder of the note shall have the right, and is hereby authorized and empowered to appoint by instrument in writing a substitute Trustee in lieu of the Trustee herein named, or in lieu of any substitute Trustee, who shall thereupon become vested with and succeed to all the title, power, and duties hereby conferred upon the Trustee named herein, the same as if said substitute Trustee had been named original Trustee by this instrument. All estates, title, rights, powers and duties herein given to Trustee(s) or imposed upon them are given and imposed upon Trustees joint and severally, and to the survivors of such Trustees, and may be exercised by any one or more than one, or all of such Trustees, as if any such Trustee or Trustees so acting were sole Trustee hereunder and the Grantors herein do hereby ratify and confirm any and all acts which Trustees or any of them, may do in the premises by virtue thereof or hereof.

In the event any item, items, terms, or provisions contained in this instrument are in conflict with the laws of the State of Texas, this instrument shall be affected only as to its application to such item, items, terms, or provisions, and shall in all other respects remain in full force and effect. It is understood and agreed that in no event and upon no contingency shall the maker or makers of the note secured hereby, or any party liable thereon or therefor, be required to pay interest in excess of the rate allowed by the laws of the State of Texas. The intention of the parties being to conform strictly to the Usury Laws now in force, any of said contracts for interest shall be held to be subject to reduction to the amount allowed under said Usury Laws as now or hereafter construed by the courts having jurisdiction.

The indebtedness herein described and hereby secured represents money advanced by **GRINNAN MORTGAGE COMPANY** at the special instance and request of and as a loan to the undersigned, in payment of part of the purchase price for the property herein described, and is further described and secured by a vendor's lien retained in Deed of even date herewith to the undersigned, reference to which is here made for all purposes.

The covenants herein contained shall bind, and the benefits and advantages shall inure to, the respective heirs, executors, administrators, successors and assigns of the parties hereto. Whenever used, the singular number shall include the plural, the plural the singular, and the use of any gender shall be applicable to all genders.

Witness our hand(s) this **10th** day of **April** , A.D. 19 **79**

Lawrence Furry (signature)
**Lawrence Furry**

Brenda L. Furry (signature)
**Brenda L. Furry**

THE STATE OF TEXAS )
COUNTY OF **DALLAS** )

Before Me, the undersigned authority, on this day personally appeared **Lawrence Furry and wife, Brenda L. Furry,** known to me to be the person(s) whose name(s) **are** subscribed to the foregoing instrument, and acknowledged to me that **they** executed the same for the purposes and consideration therein expressed.

Given under my hand and seal of office this 13 th day of **April** , A. D. 19 **79**

Tomasa L. Pena (signature)
Notary Public in and for **Dallas** County, Texas

THE STATE OF TEXAS )
COUNTY OF )

I, , Clerk of the County Court of County, Texas, do hereby certify that the within instrument with its certificate of authentication was filed for registration in my office on the day of , 19 , at o'clock .M., and duly recorded on the day of , 19 , at o'clock .M., in Vol. , Page , of records of for said County.

Witness my hand and seal of office, at , the day and date last above written.

VOL PAGE
79076 1016

Clerk County Court County, Texas

By Deputy

U.S. GOVERNMENT PRINTING OFFICE: 1978-725-637-3-1

**DEED OF TRUST**
**(Continued)**

**Loan No: 7025594396** **Page 8**

**Real Property.** The words "Real Property" mean the real property, interests and rights, as further described in this Deed of Trust.

**Related Documents.** The words "Related Documents" mean all promissory notes, credit agreements, loan agreements, environmental agreements, guaranties, security agreements, mortgages, deeds of trust, security deeds, collateral mortgages, and all other instruments, agreements and documents, whether now or hereafter existing, executed in connection with the indebtedness.

**Rents.** The word "Rents" means all present and future rents, revenues, income, issues, royalties, profits, and other benefits derived from the Property.

**Trustee.** The word "Trustee" means PRLAP, INC., whose address is 901 MAIN ST., DALLAS, TX 75202-3714 and any substitute or successor trustees.

**EACH GRANTOR ACKNOWLEDGES HAVING READ ALL THE PROVISIONS OF THIS DEED OF TRUST, AND EACH GRANTOR AGREES TO ITS TERMS.**

**GRANTOR:**

x Lawrence Furry
**LAWRENCE FURRY**

x B Furry
**BRENDA FURRY**

**INDIVIDUAL ACKNOWLEDGMENT**

**STATE OF** TEXAS )
) **SS**
**COUNTY OF** DALLAS )

This instrument was acknowledged before me on 11 DECEMBER, 2004 by **LAWRENCE FURRY and BRENDA FURRY.**

GEORGE A. LYNCH
NOTARY PUBLIC
STATE OF TEXAS
My Comm. Exp. 05-05-08

George A Lynch
Notary Public, State of Texas

[DO NOT SIGN IF THERE ARE BLANKS LEFT TO BE COMPLETED IN THIS DOCUMENT. THIS TEXAS HOME EQUITY AFFIDAVIT AND AGREEMENT MUST BE EXECUTED AT THE OFFICE OF THE LENDER, AN ATTORNEY AT LAW, OR A TITLE COMPANY BY ALL OWNERS OF THE PROPERTY, SPOUSES OF OWNERS, AND BORROWERS NAMED IN THE NOTE. YOU MUST RECEIVE A COPY OF THIS DOCUMENT AFTER YOU HAVE SIGNED IT.]

(Seal) -Borrower
LAWRENCE FURRY

(Seal) -Borrower
BRENDA FURRY

(Seal) -Borrower

(Seal) -Borrower

(Seal) -Borrower

(Seal) -Borrower

(Seal) -Borrower

(Seal) -Borrower

SWORN TO AND SUBSCRIBED before me on this 22nd day of September 2003

[PERSONALIZED SEAL]

Notary Public

Printed Name (Notary)
My Commission Expires:

PAT HERRELL
Notary Public
State of Texas
Comm. Expires 6-24-2005

## ADVISORY NOTICE

ALL STATEMENTS IN THE FOREGOING TEXAS HOME EQUITY AFFIDAVIT AND AGREEMENT ARE MADE UNDER OATH. IF ANY SUCH STATEMENT IS MADE WITH KNOWLEDGE THAT SUCH STATEMENT IS FALSE, THE PERSON MAKING SUCH FALSE STATEMENT MAY BE SUBJECT TO CIVIL AND CRIMINAL PENALTIES UNDER APPLICABLE LAW, MAY BE PERSONALLY LIABLE ON THE NOTE AND MAY CAUSE ALL OTHER BORROWERS NAMED IN THE NOTE TO BE PERSONALLY LIABLE ON THE NOTE.



2003 193 04097