IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | Criminal No. 3:09-CR-103-D (01) |
| VS. | § | |
| | § | |
| JOHN PATRICK NEWTON, | § | |
| | § | |
| Defendant. | § | |

MEMORANDUM OPINION
AND ORDER

Defendant John Patrick Newton's ("Newton's") November 10, 2010 motion for leave to contact grand jury foreman is denied.[1]

Newton moves for leave to interview the grand jury foreperson on the ground that this will enable him to confirm that the grand jury foreperson's signature appears on the indictment. He argues that the signature varies significantly from the signatures of the grand jury foreperson contained on several other indictments returned by the same grand jury, and that the possibility of forgery is tantamount to fraud in the indictment process, which denies him due process.

As this court has previously stated,[2] an irregularity in the foreperson's signature does not automatically invalidate an indictment. Even the complete absence of a foreperson's signature is "a mere technical irregularity that is not necessarily fatal to the indictment." *Hobby v. United States*,

---

[1] Under § 205(a)(5) of the E-Government Act of 2002 and the definition of "written opinion" adopted by the Judicial Conference of the United States, this is a "written opinion[] issued by the court" because it "sets forth a reasoned explanation for [the] court's decision." It has been written, however, primarily for the parties, to decide issues presented in this case, and not for publication in an official reporter, and should be understood accordingly.

[2] The court has addressed several motions, in this and other cases, that seek relief based on allegations concerning the signature of this grand jury foreperson. This one is the latest.

468 U.S. 339, 345 (1984) (citing *Frisbie v. United States*, 157 U.S. 160, 163-65 (1895)); *see United States v. Bruteyn*, 373 Fed. Appx. 247, 249 n.3 (3d Cir. 2010) (unpublished opinion) (holding that defendant's claim that indictment was insufficient because it was not signed by grand jury foreperson was wholly frivolous because, although Federal Rules of Criminal Procedure state that indictments are to be signed by grand jury foreperson, Supreme Court has indicated that this duty is a formality and that, absent reason to believe defendant was prejudiced by the oversight, absence of foreperson's signature affords no basis for relief). Likewise, a discrepancy between signatures does not invalidate an indictment. *See United States v. Jones*, 2007 WL 2301420, at *18 (N.D. Ga. July 18, 2007) (denying defendant's motion to dismiss indictment where defendant argued that grand jury foreperson's signature on indictment differed from signature on superseding indictment) (citing *Hobby*, 468 U.S. at 345).

Moreover, the process under which the indictment was returned in Newton's case was in accordance with this court's established procedures and Fed. R. Crim. P. 6(f). The signature of Judge Solis appears on the indictment, and the indictment reflects that it was filed in open court as required by Rule 6(f). *See* Rule 6(f) ("The grand jury—or its foreperson or deputy foreperson—must return the indictment to a magistrate judge in open court."). Under this court's procedures, when a district judge accepts the return of an indictment, the judge ensures that at least 12 jurors concur in returning the indictment and that the other requirements for returning a lawful indictment have been met. The judge's signature indicates that the judge was satisfied that the indictment was in all respects validly returned. In short, there is no need for Newton to contact the grand jury foreperson to ensure that the indictment process was not fraudulent. Under this court's standard procedures, Judge Solis inquired in open court, in the presence of the grand jury foreperson

or deputy foreperson and of the other grand jurors then present, whether at least 12 jurors had concurred in returning the indictment, and he ensured that the other requirements for returning a lawful indictment were met. The safeguards of this court's procedures and Rule 6(f) protect against fraudulent indictments.

Newton's motion for leave to interview the grand jury foreperson is therefore denied.

**SO ORDERED**.

November 16, 2010.

_____
SIDNEY A. FITZWATER
CHIEF JUDGE