IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | Criminal No. 3:09-CR-103-D (01) |
| VS. | § | |
| | § | |
| JOHN PATRICK NEWTON, | § | |
| | § | |
| Defendant. | § | |

MEMORANDUM OPINION
AND ORDER

Defendant John Patrick Newton ("Newton") pleaded guilty[1] to the offenses of conspiracy to distribute a controlled substance, in violation of 21 U.S.C. § 846 (§§ 841(a)(1) and 841(b)(1)(B)(vii)); maintaining a drug-involved premises, in violation of 21 U.S.C. §§ 856(a)(2) and 856(b); possession of a controlled substance with intent to distribute, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(D); and money laundering conspiracy, in violation of 18 U.S.C. § 1956(h) (§ 1956(a)(1)(B)(i)). Newton filed a motion to suppress, and he testified at the suppression hearing. Because the court finds that Newton committed perjury during his testimony, the court adds two levels to the advisory guideline offense level for obstruction of justice,[2] and it enters these tentative findings in support of this determination.

---

[1]Newton has entered a conditional plea under Fed. R. Crim. P. 11(a)(2) and has preserved the right to appeal the court's ruling granting in part and denying in part his motion to suppress.

[2]The court is not at this time tentatively denying a reduction in the advisory guideline range for acceptance of responsibility.

U.S.S.G. § 3C1.1 provides that the offense level shall be increased two levels if "the defendant willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice during the . . . prosecution . . . of the instant offense[.]"  "Though the court may not penalize a defendant for denying his guilt as an exercise of his constitutional rights, a sentence may be enhanced if the defendant commits perjury." *United States v. Como*, 53 F.3d 87, 89 (5th Cir. 1995) (citing *United States v. Laury*, 985 F.2d 1293, 1308 (5th Cir.1993)).  Under the Sentencing Guidelines, the court is required to enhance a sentence upon a proper determination that the accused committed perjury.  *See United States v. Humphrey*, 7 F.3d 1186, 1191 (5th Cir. 1993) ("If the district court finds that [the defendant] did commit perjury, it must impose a two-level enhancement of his sentence."); *United States v. Butler*, 988 F.2d 537, 544 (5th Cir. 1993).[3]

According to the application notes, this enhancement applies to "committing, suborning, or attempting to suborn perjury." U.S.S.G. § 3C1.1, comment n. 4(b) (Nov. 1, 2009 Manual).  Federal law defines perjury as giving false testimony concerning a material matter with the willful intent to provide false testimony rather than as a result of confusion, mistake, or faulty memory.  *See United States v. Dunnigan*, 507 U.S. 87, 94 (1993) (citing 18 U.S.C. § 1621(1)).  Nevertheless, "not every accused who testifies at trial and is convicted will incur an enhanced sentence under § 3C1.1 for committing perjury." *Dunnigan*, 507 U.S. at 95.[4]  Because there are reasons why a defendant may

---

[3]The court recognizes that the Guidelines are advisory.  But "a district court should begin all sentencing proceedings by correctly calculating the applicable Guidelines range," and "the Guidelines should be the starting point and the initial benchmark." *Gall v. United States*, ___ U.S. ___, 128 S. Ct. 586, 596 (2007).

[4]The analysis that pertains to trial testimony applies equally to testimony given at a suppression hearing.  The court can therefore rely on cases that discuss trial testimony.

testify falsely without committing perjury, *see* U.S.S.G. § 3C1.1, comment n. 2 (Nov. 1, 2009 Manual), "if a defendant objects to a sentence enhancement resulting from [his] trial testimony, a district court must review the evidence and make independent findings necessary to establish a willful impediment to or obstruction of justice, or an attempt to do the same, under the perjury definition [the Supreme Court has] set out." *Dunnigan*, 507 U.S. at 95. "[I]t is preferable for a district court to address each element of the alleged perjury in a separate and clear finding." *Id.*; *United States v. Como*, 53 F.3d 87, 89 (5th Cir. 1995) (preferred course is to make clear finding on each element of the alleged perjury). "The district court's determination that enhancement is required is sufficient, however, if . . . the court makes a finding of an obstruction of, or impediment to, justice that encompasses all of the factual predicates for a finding of perjury." *Dunnigan*, 507 U.S. at 95.

Factual determinations at sentencing are made according to U.S.S.G. § 6A1.3. "[T]he court may consider relevant information without regard to its admissibility under the rules of evidence applicable at trial, provided that the information had sufficient indicia of reliability to support its probable accuracy." *United States v. Bermea*, 30 F.3d 1539, 1576 (5th Cir. 1994). The preponderance of the evidence standard applies to such determinations. *See United States v. Mergerson*, 995 F.2d 1285, 1291 (5th Cir. 1993) (holding that it is well established in this circuit that as a general matter the burden of proof at sentencing is by a preponderance of the evidence).

II

The court enters these tentative findings in support of its determination that Newton committed perjury during his testimony at the suppression hearing.

Using a preponderance of the evidence standard, and based upon the evidence adduced at

the suppression hearing, including defendant Newton's testimony, the court finds that at least the following testimony constituted (1) false testimony by Newton, (2) given under oath at the suppression hearing, (3) concerning a material matter, (4) that Newton did not believe to be true, and (5) that he gave with the willful intent to provide false testimony rather than as a result of confusion, mistake, or faulty memory. The court finds that Newton gave this testimony willfully to obstruct or impede, or attempt to obstruct or impede, the administration of justice during the prosecution of the instant offense.

The testimony on which the court bases the perjury enhancement is as follows:

(1)      that after there was a knock on the door at Apartment 1032, Newton went to the door, looked through the peephole, could see no one, and said, "if you're the police . . . show me some identification"; that "[t]hey refused to show themselves"; that it crossed his mind that these people could be trying to rob him; that "I had no idea who was in front of my house — apartment"; and that he did not know the people were officers; and

(2)      that after Newton counted the money in the guest room at Kurt Vollers' residence, "I wrapped it up, I put it in the bags and closed the bags and put 'em away," "common sense tells me they [the bags] were closed," and that it is his belief that he left the bag "Closed, one hundred percent," and "Yes, I'm a hundred percent certain that I would have closed the bags."

### III

Any objections to these tentative findings must be filed in writing no later than December 6, 2010.

**SO ORDERED**.

November 23, 2010.

_Sidney A. Fitzwater_

SIDNEY A. FITZWATER
CHIEF JUDGE