```
                IN THE UNITED STATES DISTRICT COURT
                FOR THE NORTHERN DISTRICT OF TEXAS
                          DALLAS DIVISION
```

UNITED STATES OF AMERICA,        §
                                 §
                    Plaintiff,   §
                                 § Criminal No. 3:09-CR-103-D(01)
VS.                              §
                                 §
JOHN PATRICK NEWTON,             §
                                 §
                    Defendant.   §

## MEMORANDUM OPINION AND ORDER

Defendant John Patrick Newton's ("Newton's") May 31, 2017 *pro se* motion to unseal grand jury transcripts is denied.

### I

Pursuant to a plea agreement, Newton pleaded guilty to (1) conspiracy to distribute a controlled substance, (2) maintaining a drug-involved premises, (3) possession of a controlled substance with intent to distribute, and (4) a money laundering conspiracy, and was sentenced to a total of 292 months' imprisonment and an eight-year term of supervised release. The United States Court of Appeals for the Fifth Circuit affirmed the conviction. *United States v. Newton*, 463 Fed. Appx. 462 (5th Cir. 2012). And Newton unsuccessfully sought collateral relief under 28 U.S.C. § 2255. *Newton v. United States*, 2014 WL 1294873 (N. D. Tex. Mar. 31, 2014) (Fitzwater, C.J), *certificate of appealability denied*, No. 14-10603 (5th Cir. Mar. 4, 2015) (per Clement, J.), *cert. denied*, No. 16-8480 (Apr. 24, 2017). Newton now seeks to unseal the grand jury transcripts in an effort to seek further post-conviction relief.

Fed. R. Crim. P. 6(e) prohibits disclosure of grand jury materials except in limited circumstances. A party seeking disclosure must "show that 'a particularized need' exists for the

materials that outweighs the policy of secrecy." *United States v. Miramontez*, 995 F.2d 56, 59 (5th Cir. 1993). To carry this burden, a defendant must show that the material is needed to avoid a possible injustice in another judicial proceeding, that the need for disclosure is greater than the need for continued secrecy, and that his request is limited to cover only the material necessary. *Id.*

Newton has not met his burden of demonstrating a particularized need. He does not raise any specific allegation of irregularity as to the superseding indictment, apart from arguing that "[t]he original indictment was not the product of a grand jury, but rather that of the Government." D. Mot. 5. He asserts that "[t]he Government stepped into the shoes of the foreman and forged his signature" on the original indictment, which he maintains was subsequently used to obtain the superseding indictment. *Id.* By pleading guilty to the original indictment, however, Newton waived all nonjurisdictional defects that occurred during the grand jury proceedings, *see Miramontez*, 995 F.2d at 60, and this court concluded in denying Newton's § 2255 motion that any jurisdictional challenge failed on the merits, *Newton*, 2014 WL 1294873, at *2.

Furthermore, Newton cannot establish that the grand jury transcript is necessary to avoid injustice in another judicial proceeding. He merely asserts that he is "pursuing all available remedies for post-conviction relief." D. Mot. 3. But he unsuccessfully sought § 2255 relief and has not been granted leave to file a successive § 2255 motion. Thus his request amounts to nothing more than a "fishing expedition" to uncover materials that may support a potential future, successive § 2255 motion. *See United States v. Carvajal*, 989 F.2d 170, 170 (5th Cir. 1993) (holding that defendant cannot "conduct a fishing expedition to see if he can find something in the grand jury minutes that might support further relief under § 2255."); *In re McDermott & Co.*, 622 F.2d 166, 172 (5th Cir. 1980) (stating that party cannot obtain grand jury transcripts for use in potential future

judicial proceeding). Accordingly, Newton's motion to unseal grand jury transcripts is denied.

II

The court prospectively certifies that any appeal from this order would not be taken in good faith. *See* 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3). In support of this finding, the court adopts and incorporates the reasons set above, *see Baugh v. Taylor*, 117 F.3d 197, 202 n.21 (5th Cir. 1997), and finds that any appeal of this order would present no legal point of arguable merit and would, therefore, be frivolous. *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983). If Newton appeals this decision, he may challenge this certification by filing a separate motion to proceed *in forma pauperis* on appeal with the Clerk of the Court, United States Court of Appeals for the Fifth Circuit. *See Baugh*, 117 F.3d at 202; Fed. R. App. P. 24(a)(5).

III

The clerk is directed to open for statistical purposes a new civil action (nature of suit 550 directly assigned to the same District Judge and Magistrate Judge as in the criminal case), and to close the same on the basis of this order. *See Miramontez*, 995 F.2d at 58 (holding that defendant's request for grand jury transcripts, which followed affirmance of his conviction on direct appeal and denial of postconviction relief, was civil in nature for purposes of determining timeliness of notice of appeal).

**SO ORDERED**.

September 1, 2017.

_____
SIDNEY A. FITZWATER
UNITED STATES DISTRICT JUDGE